IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02130-BNB

MICHAEL S. ADAIR,

    Applicant,

v.

J. M. WILNER, Warden, FCI Florence,

    Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 22 2009

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Applicant Michael S. Adair is a prisoner in the custody of the United States Bureau of Prisons (BOP), who at the time the instant action was initiated was incarcerated at the Federal Correctional Institution in Florence, Colorado. He now, according to Respondent, is incarcerated at Federal Correctional Institution in Oxford, Wisconsin. Mr. Adair has filed a *pro se* Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. In an order entered on October 29, 2008, Magistrate Judge Boyd N. Boland directed Respondent to file a Preliminary Response limited to addressing the affirmative defense of exhaustion of administrative remedies if Respondent intends to raise that defense in this action. On November 18, 2008, Respondent filed a Preliminary Response. Mr. Adair filed several pleadings prior to Respondent's Preliminary Response, which appear to be attempts to address the exhaustion issue. Applicant also filed a Reply on January 5, 2009.

The Court must construe liberally the Application and other pleadings filed by Mr. Adair because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The

Application and Reply are held to standards less stringent than those governing a formal pleading drafted by attorneys. *See id.* The Court, however, should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the action will be dismissed.

In the Application, Mr. Adair challenges the calculation of his federal sentence. He contends that the BOP refuses to apply fifty-one months and eighteen days of detention credit against the 293-month sentence he is serving. Respondent argues that this action should be dismissed because Mr. Adair has failed to exhaust his administrative remedies.

Exhaustion of administrative remedies is a prerequisite to federal habeas corpus relief pursuant to 28 U.S.C. § 2241. *See Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986). Furthermore, the exhaustion requirement is satisfied only through proper use of the available administrative procedures. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function properly without imposing some orderly structure on the course of its proceedings." *Id.* at 90-91.

The BOP administrative remedy procedure is available to Mr. Adair. *See* 28 C.F.R. §§ 542.10–542.19. The administrative remedy procedure allows an inmate to "seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). Generally, an inmate first presents an issue of concern informally to prison staff in an attempt to resolve the issue. § 542.13. If an inmate is not able to resolve the issue informally he files a formal administrative remedy request, usually with the warden of the facility where he is incarcerated. § 542.14. If the inmate is not

satisfied with the warden's response he may file an appeal with the appropriate regional director, and if he is not satisfied with the regional director's response he may file an appeal with the general counsel. § 542.15. An appeal to the general counsel is the final administrative appeal. *Id.*

In a Supplement Mr. Adair submitted with his Application, and in his Reply, he concedes that he did not exhaust his administrative remedies prior to filing the instant action. Mr. Adair, however, argues that the exhaustion requirement should be excused because exhaustion of his administrative remedies would be futile, and exhaustion is not jurisdictional. Mr. Adair specifically concludes, in the Supplement, that exhaustion would be futile because he has filed numerous administrative remedy requests at several different prison facilities, in an attempt to resolve the issue, but the BOP has taken the position that he is not entitled to the disputed detention credits that he seeks. Mr. Adair also asserts, in one of the pleadings he filed on November 14, 2008, and in his Reply, that he filed a BP-9 remedy request with the warden. He does not assert whether he received a response from the warden, but he does state that he later was verbally told by the warden that his request had been forwarded to the records department in Grand Prairie, Texas. Mr. Adair contends that because he has not received a response from the records department he decided to file the instant action to resolve the issue.

Mr. Adair is correct that the exhaustion requirement may be waived if exhaustion would be futile. *See Fraley v. U.S. Bureau of Prisons*, 1 F.3d 924, 925 (9th Cir. 1993) (per curiam). He, however, fails to convince the Court that exhaustion of administrative remedies would be futile in this action. Mr. Adair only speculates that exhaustion would

be futile. He has not shown affirmatively that exhausting BOP remedies would be useless. *See Clonce v. Presley*, 640 F.2d 271, 273 (10th Cir. 1981). Mr. Adair has not demonstrated that his administrative remedy requests were ignored or that an appeal to the regional director or the general counsel would be futile.

According to the BOP records submitted by Respondent in support of his Preliminary Response, Mr. Adair filed two administrative remedy requests. (Preliminary Resp. (Pre. Resp.) at Parts 4, 5, and 6.) In the responses to the administrative remedy requests, Mr. Adair was told by the warden that he may appeal to the regional director if he was not satisfied with the response to his remedy requests. (Pre. Resp. at Parts 4, 5, and 6.) The Administrative Remedy Log attached to Respondent's Preliminary Response confirms that Mr. Adair did not appeal the warden's denial of his two administrative requests. (Pre-Resp. at Parts 4, 5, and 6.) Mr. Adair does not disagree with Respondent's assertion or the documents submitted by Respondent. Furthermore, Mr. Adair's claim of futility lacks merit because a regional director or a general counsel has the authority to overrule a warden's decision.

Mr. Adair's claim that he will be harmed if he is not granted the detention credits also lacks merit. Mr. Adair has a projected release date of April 12, 2018, via good conduct time release. (Pre. Resp. at 2.) Even if Mr. Adair were given credit for the 51 months and eighteen days, to which he claims he is entitled, he would not be eligible for release until some time in 2014. Mr. Adair fails to assert irreparable harm in his continued incarceration.

For the above stated reasons, the Court finds that Mr. Adair fails to demonstrate that exhaustion of administrative remedies would be futile and he would be subject to

4

irreparable harm if he were required to exhaust his administrative remedies. Mr. Adair may not exhaust "administrative remedies by, in essence, failing to employ them." *See Jernigan v. Stuchell*, 304 F.3d 1030, 1033 (10th Cir. 2002). Therefore, the instant action will be dismissed without prejudice for failure to exhaust administrative remedies. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed without prejudice for failure to exhaust administrative remedies.

DATED at Denver, Colorado, this 21 day of Jan., 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## AMENDED CERTIFICATE OF MAILING DOCUMENT 8
## ORDER TO FILE PRELIMINARY RESPONSE

Civil Action No. 08-cv-02130-BNB

Michael S. Adair
Reg. No. 23198-044
Federal Corr. Institution
PO Box 1000
Oxford, WI 53952

Lisa A. Christian
Assistant United States Attorney
**DELIVERED ELECTRONICALLY**

I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 1/22/09

GREGORY C. LANGHAM, CLERK

By: _____
    Deputy Clerk